21502

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Respondent, v. WINYAH NURSING HOME, INC. and E. Stone Miller, and all other Directors, Shareholders, Trustees and Successors in Interest to Winyah Nursing Home, Inc., Appellants.

(280 S. E. (2d) 59)

*Donald A. Harper,* of *Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for appellants.*

*E. Crosby Lewis,* of *Lewis, Lewis & Robinson,* Columbia, *for respondent.*

June 24, 1981.

LITTLEJOHN, Justice:

Plaintiff South Carolina Department of Social Services brought this action against defendants Winyah Nursing Home, Inc., and E. Stone Miller, and all other Directors, Shareholders, Trustees and Successors in Interest to Winyah Nursing Home, Inc., to recover for alleged breach of certain Medicaid contracts. A demurrer to the complaint was overruled by order of the trial judge. The defendants have appealed.

Included in the order of the circuit court was the following:

"ORDERED that pursuant to Section 18-9-220, *Code of Laws of South Carolina, 1976*, the ends of justice will be subserved by proceeding to trial with this case."

Section 18-9-220 provides in relevant part as follows:

". . . [A]n appeal from a judgment or decree overruling a demurrer shall stay the further hearing of the cause *unless the presiding judge shall be satisfied that the ends of justice will be subserved by proceeding with the trial and shall order the trial of the cause to proceed to judgment; . . .*" (Emphasis added.)

■ We hold that the order of the trial judge had the effect of staying an appeal. The plaintiff should have proceeded to trial and if the lower court refused to proceed with the trial in the usual fashion, counsel for the plaintiff should have moved immediately in this court for an order in the nature of a *supersedeas* or directive mandating a trial on the merits.

A defendant's right to appeal such an order overruling a demurrer is preserved by the remainder of the Code section, which states:

"[A]nd, *provided, further,* that nothing contained in the preceding proviso shall be construed to prevent a review upon appeal from the final order or judgment in the cause of any judgment or decree on demurrer."

■ While the appeal has been improperly submitted to this court, we have, as a matter of grace, viewed the grounds of appeal and find the same to be without merit.

The appeal is dismissed and the order of the lower court is

Affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.